**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

JANET MARTIN

    Plaintiffs,

v.

INTERNATIONAL FREIGHT CONSOLIDATORS, INC.
a Florida For Profit Corporation

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, JANET MARTIN (hereinafter, "MARTIN" or "Plaintiff"), by and through her undersigned attorney, hereby files this Complaint against INTERNATIONAL FREIGHT CONSOLIDATORS, INC. (hereinafter "IFC" or "Defendant") and says:

## **JURISDICTION AND VENUE**

1. This is an action for damages under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.* (2017), and the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et seq.*, for employment discrimination on the basis of disability or handicap, in violation of Florida and federal law.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise

1

to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a member of a class protected under the FCRA, and ADAAA because the terms, conditions, and privileges of her employment were altered because of her disability/handicap. Further, Plaintiff was denied a reasonable accommodation.

6. Plaintiff is a citizen and resident of the Southern District of Florida, over the age of eighteen years and otherwise *sui juris*. During all times relevant to this Complaint, Plaintiff worked for Defendant as a sales clerk in Broward County, Florida.

7. Defendant is a Florida For Profit Corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Miami-Dade County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (Fla. Stat. § 760.02(7)) and the ADAAA.

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about January 14, 2019, which was no more than 300 days after the last discriminatory event occurred, to wit: January 4, 2019.

11. EEOC terminated its processing of the charge within 180 days of the filing of the charge.

12. Plaintiff was issued a Notice of Right to Sue on or after June 11, 2019. The Notice is attached hereto as Exhibit A.

## GENERAL ALLEGATIONS

13. Plaintiff began working for Defendant in October, 2017 through on or about January 4, 2019, except for two months when she took time off.

14. Plaintiff was diagnosed with breast cancer in November 2018.

15. Plaintiff started treatment on December 20, 2018.

16. At all times, Plaintiff was employed in a full-time capacity and was issued a W-2 by Defendant for each year for which she was employed.

17. Plaintiff's treatment substantially limits one or more major life function, including standing, stooping, bending, etc. without pain.

18. Plaintiff informed Defendant's owner, John Collins, about her diagnoses and treatment, who advised that he understood what Plaintiff was going through and that Plaintiff would miss time from work for her treatment.

19. A few days after Plaintiff's first treatment, Plaintiff's hours were cut from 40 hours per week to approximately 16 hours per week.

20. Plaintiff went to talk with Mr. Collins, advising him that she was able to work more hours, but Mr. Collins only suggested that he would work with Plaintiff whenever Plaintiff was able to come in to work.

21. Plaintiff had her second treatment on January 3, 2019, and went back to work on January 4, 2019, when Plaintiff was advised that she was terminated as of the end of that day.

22. One of Plaintiff's co-workers, Michael Wright, advised Plaintiff that a meeting was held about Plaintiff's health condition, and Mr. Collins could no longer keep Plaintiff because of her health.

23. Mr. Wright also advised that Mr. Collins, together with all the employees, were worried that Plaintiff may fall down when she was with a customer and that Plaintiff would feel bad when she was driving to work.

24. The reason Defendant provided for Plaintiff's termination, if any, is pretextual.

25. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's disability was, at minimum, a motivating factor in Defendant's decision for her termination[1].

26. Prior to her termination, Plaintiff was unaware of any performance deficiencies and she had not been previously disciplined.

27. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

28. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

### COUNT I: HANDICAP/DISABILTY DISCRIMINATION (FCRA)

29. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

30. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

4

31. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of her actual handicap/disability and/or record of having such handicap(s)/disability/disabilities.

32. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, her termination, as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such handicap(s)/disability/disabilities.

33. A few days after Plaintiff started her treatment, Defendant reduced Plaintiff's hours, which lead to Plaintiff's termination, even though Plaintiff reassured Defendant that she was able to work more hours.

34. There was no valid, legal reason for Plaintiff's termination.

35. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which it could not, Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap/disability/disabilities were, at minimum, motivating factors[2] for Defendant's termination of Plaintiff's employment.

36. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

---

[2] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

37. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff JANET MARTIN requests judgment as follows:

   a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

   b) compensatory damages;

   c) attorney's fees and costs; and

   d) any other award this Court deems necessary.

## COUNT II: FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA

38. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

39. Section 760.10 of the FCRA states in relevant part:

   (1) it is unlawful employment practice for an employer:
      (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

40. The FCRA accordingly requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

41. Plaintiff timely informed Defendant of her diagnoses and requested time off for her treatment.

42. Defendant's owner, Mr. Collins, acknowledged Plaintiff's need for time off for her treatment, and agreed to work with Plaintiff regarding her schedule, but decided to terminate Plaintiff soon after she actually started her treatment.

43. Plaintiff's termination, as set forth above, was a denial of Plaintiff's reasonable accommodation request, which was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities.

6

44. Defendant failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination, despite being presented with a request for a reasonable accommodation by Plaintiff and promising such.

45. Plaintiff's request would not have imposed an undue burden on Defendant as what she needed was tantamount to a modified work schedule and/or brief period of leave for her treatment.

46. The modified work schedule and brief period of leave (which had a certain time frame) would have enabled Plaintiff to perform the essential functions of her position.

47. Defendant's reason(s) for denying Plaintiff's requests, if any, are pretextual.

48. Even if Defendant could assert legitimate reasons for its failure to accommodate Plaintiff, Plaintiff's disability and/or record of having such a handicap/disability/disabilities were, at minimum, motivating factors[3] for Defendant's failure to accommodate.

49. As a result of Defendant's failure/refusal to accommodate Plaintiff, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

50. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff JANET MARTIN requests judgment as follows:

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

---

[3] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

      b) compensatory damages;

      c) punitive damages;

      d) attorney's fees and costs; and

      e) any other award this Court deems necessary.

### COUNT III: DISABILITY DISCRIMINATION (ADA AND ADAAA)

51. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

52. Plaintiff is person with a disability as that term is defined under the ADAAA in that she was diagnosed with breast cancer, the treatment of which substantially limits her ability to perform at least one major life function, to wit: standing, stooping, bending, etc. without pain.

53. Plaintiff is, and at all times was, qualified to perform the essential functions of her job as a sales clerk, with the proposed reasonable accommodation in that she was hired for the position and performed this position satisfactorily for the entirety of her employment.

54. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

55. Plaintiff was able to perform the essential functions with the accommodation of time off from work for cancer treatments.

56. The requested accommodation of time off from work would not have caused an undue burden to Defendant since it had other sales clerks who could handle Plaintiff's assignments, and her time off requests were for a time certain.

57. Title I of the ADAAA prohibits employers from taking adverse employment action against an employee as a result of her actual disability or record of disability and further requires employers to reasonably accommodate the actual or recorded disabilities.

58. Defendant discriminated against Plaintiff for her disability because it reduced Plaintiff's hours and terminated her soon after she started treatments.

59. Had Plaintiff not been disabled, she would not have suffered this adverse employment action.

60. Defendant's bases for terminating Plaintiff, if any, are pretextual. Had Defendant properly accommodated Plaintiff, Plaintiff could have performed the essential functions of her position.

61. Even if Defendant could assert legitimate reasons for its decision to terminate Plaintiff, Plaintiff's disability was, at minimum, a motivating factor[4] in Defendant's decision to terminate her employment.

62. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands compensation for her back wages, front pay, compensatory and punitive damages, and any other remuneration permitted under the law.

63. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff JANET MARTIN requests judgment as follows:

  a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

  b) compensatory damages;

  c) punitive damages;

  d) attorney's fees and costs; and

  e) any other award this Court deems necessary.

---

[4] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

## COUNT IV: FAILURE TO ACCOMMODATE
## IN VIOLATION OF THE ADA AND ADAAA

64. Plaintiff re-alleges and re-avers paragraphs 1 – 28 as fully set forth herein.

65. Plaintiff is person with a disability as that term is defined under the ADAAA in that she was diagnosed with breast cancer, the treatment of which substantially limits her ability to perform at least one major life function, to wit: standing, stooping, bending, etc. without pain.

66. Plaintiff is, and at all times was, qualified to perform the essential functions of her job as a sales clerk with the proposed reasonable accommodation in that she was hired for the position and performed this position satisfactorily.

67. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act Amendments Act ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

68. Plaintiff was able to perform the essential functions with the accommodation of time off from work for cancer treatments.

69. Plaintiff requested a reasonable accommodation after her diagnoses in November 2018 that she would need time off for her treatment, which Mr. Collins acknowledged his understanding and advised that he would work with Plaintiff.

70. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff requested that she permitted time off from work for a time certain.

71. However, Defendant refused to participate in the interactive process and terminated Plaintiff one day after she had her second treatment.

72. Plaintiff's request for accommodation was reasonable and would not have caused Defendant undue hardship as there were other sales clerks who could have handled Plaintiff's assignments and her request was for a limited time period.

73. Because Defendant did not accommodate Plaintiff, Plaintiff was terminated.

74. As a result of Defendant's actions, Plaintiff has suffered damages by way of lost wages and benefits, attorney's fees, etc.

WHEREFORE, Plaintiff JANET MARTIN requests judgment as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b) compensatory damages;

c) punitive damages;

d) attorney's fees and costs; and

e) any other award this Court deems necessary.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JANET MARTIN hereby demands trial by jury on all counts so triable contained herein.

Dated: September 5, 2019.

                                                              LAW OFFICES OF CHARLES EISS, P.L.
Attorneys for Plaintiffs
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)
By:  /s/ Charles M. Eiss
       CHARLES M. EISS, Esq.
       Fla. Bar #612073
       chuck@icelawfirm.com
       TIEXIN YANG, Esq.
       Fla. Bar #1010651
       tiexin@icelawfirm.com